UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-CR-00043-SEB-DML |
| | ) | 1:13-CR-00086-SEB-DML |
| SHAWN DeWAYNE CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the July 8, 2013 Order entered by the Honorable Sarah Evans Barker, designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on July 8, 2013. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(I) and 3583(e). Proceedings were held on August 13, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On August 13, 2013, Clark appeared in person with appointed counsel, William H. Dazey, Jr. The government appeared by Bradley P. Shepard, Assistant United States Attorney. U. S. Parole and Probation appeared by Shelly Mckee, U. S. Parole and Probation Officer.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18 U.S.C. § 3401(e).

1. Mr. Clark was readvised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. A copy of the Petitions for Revocation of Supervised Release were provided to Mr. Clark and his counsel, who informed the Court that they had read and understood the violations listed in the Petitions and waived further reading thereof.

3. Mr. Clark was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Clark was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Clark was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Clark was advised that if the preliminary hearing resulted in a finding of probable cause that Mr. Clark had violated an alleged condition or conditions of his supervised release as set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Mr. Dazey stated that Mr. Clark would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Clark executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Clark, through counsel, stipulated that he committed all of the violations as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on July 8, 2013 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| 2. | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| 3. | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |
| | On April 24, and May 20, 2013, Mr. Clark provided drug screens which tested positive for marijuana.  He admitted smoking marijuana and signed an Admission Report of Positive Urinalysis form.  On May 30, 2013, Mr. Clark provided a drug screen which tested positive for cocaine. |
| 4. | *"The defendant shall participate in a program of testing and/or treatment for substance abuse as directed by the probation officer."* |
| | Mr. Clark failed to report for a scheduled substance abuse treatment appointment on June 10, 2013. |
| | Mr. Clark failed to report for random drug screens on May 29, June 5, 11, 18, 23, 25, and 27, 2013. |
| 5. | *Docket Number 1:13CR00043:  "The defendant shall pay restitution (joint & several) in the amount of $1,525.  Payments during defendant's period of incarceration as directed by the Bureau of Prisons.  Upon release from imprisonment, payment shall be made at the rate of $50.00 per month beginning 60 days after release."* |
| | Mr. Clark has failed to remit monthly restitution payment as ordered.  During the past ten months, he has remitted only four payments totaling of $125.  However, on February 7, 2013, his income tax refund in the amount of $2,569.76 was garnished. Therefore, a total of $2,694.76 has been credited in this case.  The most recent payment was credited on February 11, 2013.  The current balance is 184.24. |
| 6. | *"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."* |
| | On April 23, 2013, a letter was sent to Mr. Clark's approved residence, 1242 W. 29th Street, Indianapolis, Indiana 46208, instructing him to remit monthly |

> restitution payments beginning April 2013. No payments have been credited since that date.
>
> On June 3, 2013, a voice message was left for Mr. Clark on his cellular telephone, number, 317-446-7287, instructing him to call this officer with his work schedule in order for a home or office visit to be scheduled for June 4, 2013. No message was received from Mr. Clark.
>
> On June 6, 2013, a letter was sent to Mr. Clark's approved residence, instructing him to report to the probation office on June 25, 2013, at 2:30 p.m. He failed to report as instructed.

7. ***"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."***

   > During an attempted home visit on June 27, 2013, this officer observed Mr. Clark's approved residence, 1242 W. 29th Street, Indianapolis, Indiana, had been vacated. The individual cleaning out the apartment stated the tenants had been gone "approximately one week." Mr. Clarks' current whereabouts is unknown.

9. The Court placed Mr. Clark under oath and directly inquired of Mr. Clark whether he admitted the violation of the specifications of his supervised release set forth above. Mr. Clark stated that he admitted the above violation as set forth above.

10. Counsel for the parties further stipulated to the following:

    a. The most serious grade of violation is Grade B, pursuant to U.S.S.G. § 7B1.1(a)(3).

    b. Mr. Clark has suffered criminal convictions that yield a criminal history category of VI in Cause 1:13-cr-00043, and V in Cause 1:13-CR-00086.

    c. The terms of imprisonment applicable upon revocation of Mr. Smith's supervised release, therefore, are 18 - 24 months and 21-27 months imprisonment respectively. *See*, U.S.S.G. § 7B1.4(a).

11. The parties agreed that the defendant's conditions of supervised release should be REVOKED, with a disposition as follows:

    a. Defendant shall be remanded to custody of the Attorney General for a period of 12 months and one day on both cause numbers to be served concurrently.

    b. Following defendants release from custody, the defendant will be on supervised release for two years under both cause numbers to be served concurrently. The conditions of Defendant's revoked supervised release shall apply to these two years with the additional condition that the defendant reside up to 90 days in a halfway house, at the discretion of his probation officer, upon release from custody.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Shawn DeWayne Clark, violated the above-delineated condition in the Petition.

Mr. Clark's supervised release is therefore **REVOKED** as proposed above.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. The Parties have waived the 14-day appeal rights.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Mr. Clark's supervised release.

**IT IS SO RECOMMENDED** this 09/11/2013

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bradley P. Shepard
Assistant United States Attorney

William H. Dazey, Jr.
Indiana Community Federal Defender

U. S. Parole and Probation

U. S. Marshal